United States District Court for the Southern District of New York

Case No.: _____

Plaintiff:
Shengshen Xia
Address: 127 Allen St, Apt 6C, New York, NY 10002
Phone: 929-866-2533
Email: c81510668@gmail.com

Defendants:
1. ~~The City of~~ New York City Government
Address: City Hall, New York, NY 10007
2. New York City Police Department
Address: 1 Police Plaza, New York, NY 10038
3. New York City Police Department, 1st Precinct
Address: 16 Ericsson Pl, New York, NY 10013
4. Robert Fisher, Chief of New York City Police Department, 1st Precinct
Address: 16 Ericsson Pl, New York, NY 10013
5. Officer Jonathan A. Pastoriza (Badge No. 14446)
Address: 16 Ericsson Pl, New York, NY 10013
6. Officer Abubaker M. Shaban (Badge No. 24909)
Address: 16 Ericsson Pl, New York, NY 10013
7. Officer (Badge No. TBD)
Address: 16 Ericsson Pl, New York, NY 10013
8. Officer (Badge No. TBD)
Address: 16 Ericsson Pl, New York, NY 10013
9. The Mayor of New York City
Address: City Hall, New York, NY 10007
10. Commissioner of the New York City Police Department
Address: 1 Police Plaza, New York, NY 10038

Complaint

Plaintiff states as follows:

I. Jurisdiction and Venue
1. This case arises under federal law pursuant to 28 U.S.C. § 1331, involving federal questions, and thus falls within the jurisdiction of this Court.
2. The events giving rise to this action occurred in the Southern District of New York, making this Court the appropriate venue.

II. Statement of Facts

1. Summary of Events:

On September 29, 2024, at 3:10 p.m., the plaintiff, Shengshen Xia, dialed 911 seven times on two different phone numbers to report that someone had unlawfully entered his residence, damaged property, and falsely reported crimes, including robbery, harassment, and escalating violence. The plaintiff's wife, who was two months pregnant, was physically dragged and collided with, and during the incident, she was attacked with a metal weapon, causing severe pain to her abdomen, threatening the safety of the unborn child. The plaintiff made clear requests for police and emergency medical services to attend to the emergency, yet no police officers made contact with the plaintiff despite their duty to respond swiftly.

2. Response Time and Failure to Act:

An hour later, police officers arrived on the scene. Officer Jonathan A. Pastoriza (Badge No. 14446), during the handling of this case, failed to perform his duties and is suspected of making an illegal arrest and committing racial persecution. The plaintiff believes this arrest was racially motivated and that the officer provided no reasonable explanation for the arrest.

3. Involvement of Other Officers:

Two other officers, one of whom was an Asian officer and the other a supervisor, were involved in the arrest but did not communicate with the plaintiff. They proceeded directly to arrest him, raising suspicion that the arrest may have been racially motivated.

4. Excessive Force and Injury:

During the arrest, excessive force was used by the police, resulting in serious injuries to the plaintiff's limbs. Meanwhile, the plaintiff's wife experienced severe abdominal pain, nearly resulting in a miscarriage. The plaintiff provided clear evidence of injuries, and video evidence exists showing the police refused to arrest the actual perpetrator, violating the constitutional guarantee of equal protection.

5. Failure to Ensure Safety:

Despite explicitly stating that his wife was pregnant and in need of emergency medical assistance, the police not only failed to secure the safety of the plaintiff and his family, but also exacerbated the situation. Although 911 indicated that an ambulance would be dispatched, no ambulance contacted the plaintiff's wife. The plaintiff suspects that the police may have obstructed the arrival of the ambulance, delaying necessary medical treatment. The intruder even attempted to strike the plaintiff's wife's abdomen with his elbow, endangering the unborn child's life.

III. Criminal Allegations:

The plaintiff specifically accuses the following individuals of criminal conduct:

• Alex Alleyne and three hotel staff members are suspected of the following crimes:
   1. Unlawful entry
   2. Home invasion robbery
   3. Illegal search (home ransacked)
   4. Endangerment of child safety
   5. Endangerment of an unborn child
   6. False reporting of crimes (repeated false reports of a gas leak, requiring three fire department responses)
   7. Property damage
   8. Assault (dragging and pushing the plaintiff, causing collision with his abdomen)
   9. Racial harassment
   10. Illegal possession of weapons (full-length rods in luggage)
   11. Contempt of court (violating court orders)
   12. Obstruction of justice
   13. Attempted serious assault on a child (robbery while mentioning the baby's presence)
   14. Burglary
   15. Illegal surveillance (filming with a mobile phone)

IV. Legal Basis

The actions of the defendants violate the following laws:
   1. Violation of Constitutional Rights:
   • Fourth Amendment to the U.S. Constitution: Prohibits unreasonable searches and seizures, ensuring citizens are protected from unlawful searches. The defendants conducted a search without a warrant and provided no reasonable justification, violating this fundamental right.
   • Fourteenth Amendment to the U.S. Constitution: Guarantees equal protection and due process. The defendants unlawfully detained and conducted an illegal search of the plaintiff without proper justification, violating his equal protection and due process rights.
   • Fifth Amendment to the U.S. Constitution: Ensures citizens are protected from self-incrimination and illegal detention. The plaintiff was illegally arrested without being informed of his rights, violating Fifth Amendment protections.
   • Fourteenth Amendment Equal Protection Clause: The actions

of the defendants are suspected of racial motivation, violating the Equal Protection Clause, particularly in the obvious racial discrimination during law enforcement.
- Combined Application of the Fourth and Fifth Amendments: The plaintiff's constitutional rights were violated by unlawful search and seizure and illegal detention, depriving him of due process.

2. Federal Code Provisions:
- 18 U.S. Code § 242: Deprivation of rights under color of law. Any government official or law enforcement officer who willfully deprives others of their constitutional or legal rights, including discriminatory punishment based on race or nationality, is subject to legal consequences. The actions of the defendants violate this statute by intentionally depriving the plaintiff of his rights as a minority.
- 18 U.S. Code § 2236: Illegal searches without a warrant. The defendants conducted illegal searches of the plaintiff's residence without a legal warrant, violating this provision.
- 42 U.S. Code § 1983: Relief for deprivation of constitutional rights under color of law. The plaintiff's constitutional rights were violated by the defendants' actions, and the plaintiff is entitled to seek relief under this statute.
- 18 U.S. Code § 241: Conspiracy to overthrow government actions, including when federal, state, or local government officials deliberately violate their duties and infringe on citizens' basic rights.

3. State Code Provisions:
- New York Penal Law § 140.05: Unlawful entry. The defendants entered the plaintiff's home without permission and conducted an illegal search, violating this state law.
- New York Penal Law § 120.00: Assault. The plaintiff suffered bodily harm during the arrest, violating this provision.
- New York Penal Law § 260.10: Endangerment of child safety. The defendants' illegal actions caused physical harm to the plaintiff's pregnant wife, endangering the unborn child, constituting this offense.

V. Request for Relief

Given the physical harm, emotional distress, financial loss, and the severe threat to the unborn child caused by the defendants' actions, the plaintiff formally requests the following relief:

1. Monetary Compensation:
- The plaintiff demands joint payment of $100 million in damages, including but not limited to medical expenses, emotional distress, attorney fees, and other related costs.

2. Injunctive Relief:

- The plaintiff requests the Court to issue an order requiring the defendants to cease all forms of racial discrimination and improper law enforcement behavior.
  3. Other Relief:
- Any further relief the Court deems appropriate.
  4. Pursuant to 18 U.S. Code § 242:
- The defendant officer (Badge No. 14446, Jonathan A. Pastoriza) should be severely punished under the law for his suspected acts of racial discrimination and genocide, which nearly caused the death of the plaintiff's unborn child.
  5. Dismissal Request:
- Due to the involvement of three officers in illegal searches, illegal arrests, and illegal charges, as well as their alleged violation of constitutional rights, the plaintiff requests the Court to order the immediate dismissal of these officers and impose appropriate disciplinary actions.
  6. Arrest Request:
- The plaintiff requests the Court to issue an order for the arrest and prosecution of suspects Alex Alleyne and three other hotel staff members for their involvement in illegal searches, seizures, robbery, child endangerment, assault, illegal possession of weapons, and violations of constitutional and federal law.
  7. Confirmation of Constitutional Violations:
- The plaintiff requests the Court to confirm that the actions of the defendants have violated the plaintiff's constitutional rights, including violations of the Fourth, Fifth, and Fourteenth Amendments.

VI. Additional Statements
  1. The plaintiff reserves the right to submit further evidence, including video, photos, and relevant documents.
  2. The plaintiff formally requests a trial by jury.

Date: January 9, 2025
Signature:       *Shengshen Xia*
Shengshen Xia
Address: 127 Allen St, Apt 6C, New York, NY 10002
Phone: 929-866-2533

Certificate #: U-000077236-N

Page 1 of 2



## NEW YORK CRIMINAL COURT
100 Centre St., New York, NY 10013
Phone: (646) 386-4500 Fax: (212) 374-5293

**NO FEE**
Non-Public
Version

Court ORI: NY030033J

| The People of the State of New York | Certificate of Disposition | |
|---|---|---|
| vs. | Docket Number: | CR-028572-24NY |
| Shengzhen Xia | | |
| | CJTN: | 70878731J |
| | NYSID: | 16476089H |
| Defendant DOB: 03/15/1992 | Arrest Date: 09/29/2024 | Arraignment Date: 09/30/2024 |

THIS IS TO CERTIFY that the undersigned has examined the files of the New York Criminal Court concerning the above entitled matter and finds the following:

| Count # | Charge | Charge Weight | Disposition | Disposition Date |
|---|---|---|---|---|
| 1 | PL 120.00 01 AM Aslt 3-W/Int Cause Phys Injury **SEALED 160.50** | AM | Dismissed (Speedy Trial (CPL 170.30 (1)(e)), Sealed 160.50) | 01/09/2025 |
| 2 | PL 120.00 02 AM Aslt:Recklsly Cause Phys Injry **SEALED 160.50** | AM | Dismissed (Speedy Trial (CPL 170.30 (1)(e)), Sealed 160.50) | 01/09/2025 |
| 3 | PL 240.30 04 AM Agg Harass 2 - Injure Family **SEALED 160.50** | AM | Dismissed (Speedy Trial (CPL 170.30 (1)(e)), Sealed 160.50) | 01/09/2025 |
| 4 | PL 110-120.00 01 BM Attempted Aslt 3- W/Int Cause Phys Injury **SEALED 160.50** | BM | Dismissed (Speedy Trial (CPL 170.30 (1)(e)), Sealed 160.50) | 01/09/2025 |
| 5 | PL 240.26 01 V Harassment-2nd:Physical Cntact **SEALED 160.50** | V | Dismissed (Speedy Trial (CPL 170.30 (1)(e)), Sealed 160.50) | 01/09/2025 |

Charge Weight Key: I=Infraction; V=Violation; AM, BM=Class Misdemeanor; UM=Unclassified Misdemeanor; AF, BF, CF, DF, EF=Class Felony

Dated: January 9, 2025

Chief Clerk/Clerk of the Court

**CAUTION: THIS DOCUMENT IS NOT OFFICIAL UNLESS EMBOSSED WITH THE COURT SEAL**

All marijuana convictions under PL 221.05, PL 221.10, PL 221.15, PL 221.20, PL 221.35 or PL 221.40 — including any appearing on this certificate of disposition — are vacated, dismissed, sealed, and expunged. It is an unlawful discriminatory practice for any entity to make any inquiry about such an expunged conviction or to use such an expunged conviction adversely against an individual in any form of application or otherwise — unless specifically required or permitted to do so by statute. It shall be an unlawful discriminatory practice, unless specifically required or permitted by statute, for any person, agency, bureau, corporation or association, including the state and any political subdivision thereof, to make any inquiry about, whether in any form of application or otherwise, or to act upon adversely to the individual involved, any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, or by an order adjourning the criminal action in contemplation of dismissal, pursuant to section 170.55, 170.56, 210.46, 210.47, or 215.10 of the criminal procedure law, or by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law or by a conviction which is sealed pursuant to section 160.59 or 160.58 of the criminal procedure law, in connection with the licensing, housing, employment, including volunteer positions, or providing of credit or insurance to such individual; provided, further, that no person shall be required to divulge information pertaining to any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, or by an order adjourning the criminal action in contemplation of dismissal, pursuant to section 170.55 or 170.56, 210.46, 210.47 or 215.10 of the criminal procedure law, or by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law, or by a conviction which is sealed pursuant to section 160.58 or 160.59 of the criminal procedure law. An individual required or requested to provide information in violation of this subdivision may respond as if the arrest, criminal accusation, or disposition of such arrest or criminal accusation did not occur. The provisions of this subdivision shall not apply to the licensing activities of governmental bodies in relation to the regulation of guns, firearms and other deadly weapons or in relation to an application for employment as a police officer or peace officer as those terms are defined in subdivisions thirty-three and thirty-four of section 1.20 of the criminal procedure law; provided further that the provisions of this subdivision shall not apply to an application for employment or membership in any law enforcement agency with respect to any arrest or criminal accusation which was followed by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law, or by a conviction which is sealed pursuant to section 160.58 or 160.59 of the criminal procedure law. For purposes of this subdivision, an action which has been adjourned in contemplation of dismissal, pursuant to section



**CHARLES B. WANG COMMUNITY HEALTH CENTER**
王 嘉 廉 社 區 醫 療 中 心

268 Canal Street, 1st Floor, New York, NY 10013 | phone 212.966.0228 | fax 212.966.9330

## NOTIFICATION OF POSITIVE URINE PREGNANCY TEST

Date: 10/07/2024
PID #: 364090
DOB: 01/05/1993

To Whom It May Concern:

This is to inform you that __XUAN XIAN__ is now pregnant. According to patient, her LMP was on __07/29/2024__. Her EDC will be on __05/05/2025__.

Sincerely,

Melissa Groves, MD
Provider's Signature

1. I request the court to provide a free attorney.
2. Please contact me via email as much as possible.
3. Audio evidence has been sent to prose@nysd.uscourts.gov.