UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SHENGSHEN XIA,

                              Plaintiff,

-against-

NEW YORK CITY GOVERNMENT, et al.,

                              Defendants.

---

25-CV-0409 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action invoking the Court's federal question jurisdiction. By order dated January 22, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

The following facts are drawn from Plaintiff's complaint.  On September 29, 2024, Plaintiff and his wife, who was pregnant, were staying in a hotel shelter. Someone had reported "crimes, including robbery, harassment, and escalating violence." (ECF 1 at 2.) Plaintiff then called the emergency number 911 seven times, to report that someone had unlawfully entered his room, damaged property, and "falsely reported crimes." (*Id.*) Plaintiff's wife had been "collided with" and "attacked with a metal weapon." (*Id.*) Despite Plaintiff's multiple requests for assistance, officers from the New York City Police Department (NYPD) failed in "their duty to respond swiftly." (*Id.*)

Approximately one hour later, NYPD employees arrived, including Officer Jonathan Pastoriza, an "Asian officer," and a supervisor. (*Id.* at 2.) They "did not communicate" with Plaintiff, and "proceeded directly to arrest him, raising suspicion that the arrest may have been racially motivated." (*Id.*) "[P]olice refused to arrest the actual perpetrator." (Id.) Moreover, Plaintiff "was illegally arrested without being informed of his rights, violating Fifth Amendment protections." (*Id.* at 3.)

Plaintiff further alleges that, "[d]uring the arrest, excessive force was used by the police, resulting in serious injuries to the plaintiff's limbs." (*Id.*) Plaintiff contends that the NYPD failed to protect his wife, due to his suspicions that unspecified officers "obstructed the arrival of the ambulance." (*Id.*)

Plaintiff "accuses" non-parties Alex Alleyne and unidentified hotel staff members of criminal activity, including "home invasion robbery" and "endangerment of an unborn child." (*Id.* at 3.) He invokes federal and state criminal laws. Attached to the complaint is a certificate of disposition, which appears to indicate that charges against Plaintiff arising from his September

29, 2024 arrest were dismissed on January 9, 2025; each charge includes a notation "speedy trial." (*Id.* at 6.)

Plaintiff brings this suit against the Mayor of New York City, the NYPD and NYPD Commissioner, the First Precinct and First Precinct "Chief" Robert Fisher, Officers Pastoriza, Shaban, and two John Doe Officers. Plaintiff seeks $100 million in damages, and injunctive relief, including termination of the employment of police officers and criminal prosecution of nonparties.

## DISCUSSION

### A.     NYPD and First Precinct

Under the Federal Rules of Civil Procedure, an entity's capacity to be sued is generally determined by the law of the state where the court is located. *See* Fed. R. Civ. P. 17(b)(3). New York law states that agencies of the City of New York cannot be sued in the name of the agency, unless state law provides otherwise. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."). The NYPD and the First Precinct both lack the capacity to be sued. *See Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007) ("[T]he NYPD is a non-suable agency of the City."); *Orraca v. City of New York*, 897 F. Supp. 148, 152 (S.D.N.Y. 1995) ("[T]he 25th Precinct is a subdivision of the Police Department without the capacity to be sued."). Plaintiff's claims against the NYPD and the First Precinct are therefore dismissed. Plaintiff must assert his claims against the NYPD and the First Precinct against the City of New York, which is also a named defendant in this action.

**B.    City of New York and supervisory officials**

When a plaintiff sues a municipality, such as the City of New York, under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011). In other words, to state a Section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012). Plaintiff does not allege that any policy, custom, or practice of the City of New York caused a violation of his constitutional rights, and he therefore fails to state a Section 1983 claim on which relief can be granted against the City of New York.

In addition to the City of New York, Plaintiff sues the NYPD Commissioner, the NYC Mayor, and the "Chief" of the First Precinct, none of whom are alleged to have been personally involved in the events giving rise to Plaintiff's claims. An individual-capacity claim requires personal involvement on the part of a defendant. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under [Section] 1983."). The Court therefore assumes that these individuals have been sued in their official capacities. "A claim against a municipal employee in his or her official capacity may be treated as an action against the municipality itself," and the plaintiff must allege that the constitutional violations were caused by an official municipal policy or custom. *Nassau Cnty. Emp. "L" v. Cnty. of Nassau*, 345 F. Supp. 2d 293, 298 (E.D.N.Y. 2004) (citing *Hafer v. Melo*,

502 U.S. 21, 25 (1991)). Plaintiff has not alleged any facts suggesting that any harm that he

suffered was the result of a policy, practice, or custom, and he thus also

fails to state a claim under Section 1983 on which relief can be granted against the New York

City Mayor, the "Chief" of the First Precinct, and the NYPD Commissioner in their official

capacities. The Court therefore dismisses these claims. 28 U.S.C. § 1915(e)(2)(B)(ii).

**C.    Claims against individual NYPD Officers**

Plaintiff can be understood as asserting four claims against the arresting officers: they

delayed responding to his 911 call; they violated his right to receive a Miranda warning about his

constitutional rights; they arrested him without probable cause and for "racially motivated"

reasons; and they used excessive force against him. The Court considers these claims in turn.

1.    Delayed response

The United States Constitution does not require a government official to protect an

individual from harm. *Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 755-56 (2005);

*DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195-96 (1989); *see, e.g.*, *Gong

v. Sarnoff*, No. 23-CV-0343 (LJL), 2024 WL 3638335, at *7 (S.D.N.Y. Aug. 1, 2024) ("It is

settled that the State has no general Due Process obligation to ensure the safety, care, and

protection of individuals who are not in its custody." (internal quotation marks and citations

omitted)).

The Second Circuit has recognized two exceptions to this rule: First, the government may

have a constitutional obligation where it has a "special relationship" with the plaintiff, such as

where the plaintiff is in government custody. *Matican v. City of New York*, 524 F.3d 151, 155 (2d

Cir. 2008). Second, the government may owe such an obligation if its agents "in some way had

assisted in creating or increasing the danger to the [plaintiff]." *Id.* (citations omitted). Even where

a plaintiff's substantive due process claim is within one of these two exceptions, the plaintiff

must still "show that the [defendant's] behavior was 'so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.'" *Id.* (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 847 n.8 (1998)).

Plaintiff's allegations that NYPD officers did not timely respond to his calls does not state a claim under these standards. Plaintiff's Section 1983 claim, that officers' delay violated his constitutional rights, must therefore be dismissed for failure to state a claim on which relief can be granted.

2.    Miranda warning

The United States Supreme Court recently held that a violation of the rules established in *Miranda v. Arizona*, 384 U. S. 436 (1966), does not provide a basis for a claim for damages under 42 U.S.C. § 1983. *Vega v. Tekoh*, 597 U.S. 134 (2022) ("[A] violation of *Miranda* is not itself a violation of the Fifth Amendment."). The remedy for a *Miranda* violation is the suppression of evidence in the criminal trial. The Supreme Court reasoned, in *Vega*, that a civil damages action under Section 1983 for a *Miranda* violation would have little additional deterrent value. Plaintiff's Section 1983 claim for damages for alleged violations of the rule requiring *Miranda* warnings must therefore be dismissed for failure to state a claim on which relief can be granted.

3.    False arrest

A claim for false arrest under Section 1983 looks to state law as a starting point to determine the elements of a claim for false arrest. *See Manuel v. City of Joliet, Ill.*, 580 U.S. 357, 378 (2017) ("[T]o flesh out the elements of this constitutional tort, we must look for 'tort analogies.'"); *Lanning v. City of Glens Falls*, 908 F.3d 19, 25 (2d Cir. 2018) (holding that common law principles are meant simply to guide rather than to control the definition of Section 1983 claims and courts should not "mechanically apply" the law of New York State).

To establish a false arrest claim under New York law, a plaintiff must show that: "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." *Liranzo v. United States*, 690 F.3d 78, 95 (2d Cir. 2012). An arrest is privileged if it is based on probable cause. *Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007) ("The existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest." (quoting *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996) (internal quotation marks omitted)).

Because a complaint is not required to contain facts to negate an affirmative defense, a complaint need not include facts showing that the arresting officers lacked probable cause. *See Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007); *Dickerson v. Napolitano*, 604 F.3d 732, 751 (2d Cir. 2010) (holding that where a Section 1983 plaintiff was subjected to a warrantless arrest, it is the defendants' burden to prove probable cause as an affirmative defense to the plaintiff's false arrest claim). A false arrest claim can be dismissed based on probable cause, however, if it is evident from the facts alleged in the complaint that the officers had probable cause. *See Silver v. Kuehbeck*, 217 F. App'x 18, 22 (2d Cir. 2007).

Officers have probable cause to arrest when they have "knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed . . . a crime." *Jaegly v. Couch*, 439 F.3d 149, 152 (2d Cir. 2006). "Probable cause can exist even where it is based on mistaken information, so long as the arresting officer acted reasonably and in good faith in relying on that information." *Bernard v. United States*, 25 F.3d 98, 102 (1994); *Curley v. Vill. of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001) (holding that a police officer is "not required to explore

and eliminate every theoretically plausible claim of innocence before making an arrest"). When information is received from a putative victim or an eyewitness, probable cause exists, unless the circumstances raise doubt as to the person's veracity. *Singer v. Fulton County Sheriff*, 63 F.3d 110, 119 (2d Cir. 1995). Put another way, police officers may have had probable cause to arrest if they have acted reasonably, even if they were mistaken.

Here, Plaintiff alleges that on September 29, 2024, his pregnant wife was injured and someone had "falsely reported crimes" at his residence. (ECF 1 at 2.) He then called 911 "seven times on two different phones" to notify police that the report of "harassment and escalating violence" was "false." (*Id.*) When police officers arrived at his premises, "[t]hey proceeded directly to arrest him." (*Id.*) Plaintiff thus alleges that police officers arrested him in response to the report of a crime, notwithstanding his own calls to 911 to indicate that the report was false.

Police officers are "not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest." *Curley*, 268 F.3d at 70. "Although a better procedure may have been for the officers to investigate plaintiff's version of events more completely, the arresting officer does not have to prove plaintiff's version wrong before arresting him." *Id.* (citing *Krause v. Bennett*, 887 F.2d 362, 372 (2d Cir. 1989)). Plaintiff alleges that officers arrested him in response to a report of crimes at his residence and that the arrest may have been "racially motivated." The reporting of such potential crimes suffices to show that the officers had probable cause to arrest; the fact that officers did not investigate Plaintiff's version of events is insufficient to give rise to an inference of racial discrimination. Plaintiff's allegations are therefore insufficient to plead a Section 1983 claim for false arrest against the individual officers.

4.      Excessive force

The right not to be subjected to excessive force derives from the Fourth Amendment for arrestees and from the Fourteenth Amendment for pretrial detainees and individuals who have not been arrested. *See*, *e.g.*, *Edrei v. Maguire*, 892 F.3d 525, 533 (2d Cir. 2018). The "objectively unreasonable degree of force" analysis that the U.S. Supreme Court outlined in *Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015), applies to all Fourteenth Amendment excessive force claims. *Id.* at 536; *Drummond v. Castro*, 522 F. Supp. 2d 667, 678-79 (S.D.N.Y. 2007) (holding that an excessive force claim requires a "serious or harmful" use of force).

Here, Plaintiff alleges that Defendants used "excessive force," but he does not allege any facts about what occurred. This allegation is therefore a legal conclusion. A plaintiff is not necessarily required to plead precise facts about the specifics of what each defendant is alleged to have done, *see Messina v. Mazzeo*, 854 F. Supp. 116, 126 (E.D.N.Y. 1994) (declining to dismiss excessive force claim for lack of specificity because "[i]t would be asking too much for an arrestee to remember and plead the role each of several police officers played in an alleged instance of police brutality"), but a plaintiff must offer more than mere "legal conclusions," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff's unelaborated claim that he was subject to excessive force is therefore insufficient to state a plausible claim for relief under Section 1983.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless an amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).  Because Plaintiff may be able to allege additional facts to state a valid federal claim, the Court grants Plaintiff 60 days' leave to

amend his complaint to detail his claims. The Court notes, however, that the NYPD and the First Precinct are not amenable to suit and therefore should not be named in any amended complaint that he may choose to file.

In his amended complaint, Plaintiff must name as the defendant(s) in the caption and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[1] In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights; how, when, and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

---

[1] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty August 31, 2024, at Sullivan Correctional Facility, during the 7-3 p.m. shift."

**CONCLUSION**

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 25-CV-0409 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the federal claims will be dismissed for failure to state a claim upon which relief may be granted and the Court will decline supplemental jurisdiction, under 28 U.S.C. § 1367(c), of the state law claims.

Plaintiff may agree to accept service of documents in this case by email, instead of postal mail, by completing the attached form, Consent to Electronic Service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   March 6, 2025
         New York, New York

                           /s/ Laura Taylor Swain
                           LAURA TAYLOR SWAIN
                           Chief United States District Judge

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

_____

_____         \_\_\_\_\_CV_____

Write the full name of each plaintiff.              (Include case number if one has been
                                                    assigned)

                    -against-                               **AMENDED**

_____         **COMPLAINT**

_____         Do you want a jury trial?
                                                         ☐ Yes    ☐ No
_____

_____

Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

---

Rev. 2/10/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

## A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

## B.   If you checked Diversity of Citizenship

### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
                        (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                      (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                  Middle Initial        Last Name

_____

Street Address

_____

County, City                     State           Zip Code

_____

Telephone Number          Email Address (if available)

## B.   Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                          Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                          State                 Zip Code

Defendant 2:

First Name                          Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                          State                 Zip Code

Defendant 3:

First Name                          Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                          State                 Zip Code

Defendant 4:

_____
First Name                          Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                        State              Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

    If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.