# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

Shengshen Xia

Write the full name of each plaintiff.

25 CV 0409 (LTS)

(Include case number if one has been assigned)

-against-

**AMENDED**

**COMPLAINT**

See attached

Do you want a jury trial?
☑ Yes   ☐ No

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 2/10/17

## I. BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☑ **Federal Question**

☐ **Diversity of Citizenship**

### A. If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

Constitution IV, 5, 14

### B. If you checked Diversity of Citizenship

#### 1. Citizenship of the parties

Of what State is each party a citizen?

The plaintiff, _____, is a citizen of the State of
                    (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

Page 2

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
 (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II. PARTIES

### A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

Shengshen _____ Xia
First Name      Middle Initial      Last Name

127 Allen St Apt 6C . NY. NY. ~~~
Street Address

New York _____ NY _____ 10002
County, City      State      Zip Code

9298662533 _____ c8)5)o668@gmail.com
Telephone Number      Email Address (if available)

Page 3

## B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:
_____
First Name                    Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                  State                 Zip Code

Defendant 2:
_____
First Name                    Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                  State                 Zip Code

Defendant 3:
_____
First Name                    Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                  State                 Zip Code

*See the indictment*

Defendant 4:

First Name          Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City          State          Zip Code

### III. STATEMENT OF CLAIM

Place(s) of occurrence: 52 William St Apt 706. NY. NY. 10005

Date(s) of occurrence: 09/29/~~20~~ 2024

### FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

See the indictment

## INJURIES:

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

Physical and psychological injuries

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

Loss of $100 million

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

Dated: 04/07/2025

Plaintiff's Signature: Shengshen Xia

First Name: Shengshen
Middle Initial:
Last Name: Xia

Street Address: 127 Allen St Apt 6C

County, City: New York
State: NY
Zip Code: 10002

Telephone Number: 929 866 2533

Email Address (if available): c815l0668@gmail.com

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☑ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

AMENDED COMPLAINT

UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK   Case No. 25-CV-0409 (LTS)
Plaintiff:   Shengshen Xia   Address: 127 Allen Street, Apt. 6C, New York, NY 10002   Phone: 929-866-2533   Email: c81510668@gmail.com
Defendants:
   1   City of New York   Address: City Hall, New York, NY 10007
   2   Robert Fisher, Commanding Officer of NYPD 1st Precinct   Address: 16 Ericsson Place, New York, NY 10013
   3   Officer Jonathan A. Pastoriza (Badge No. 14446)   Address: 16 Ericsson Place, New York, NY 10013
   4   Officer Abubaker M. Shaban (Badge No. 24909)   Address: 16 Ericsson Place, New York, NY 10013
   5   Jane Doe   Address: 16 Ericsson Place, New York, NY 10013
   6   Jane Doe   Address: 16 Ericsson Place, New York, NY 10013
   7   Mayor of New York City   Address: City Hall, New York, NY 10007
   8   NYPD Commissioner   Address: 1 Police Plaza, New York, NY 10038

I. Jurisdiction and Venue
   1   This action is brought pursuant to 28 U.S.C. § 1331, as it involves federal questions, thereby falling within the jurisdiction of this Court.
   2   All events occurred within the Southern District of New York, making this Court the appropriate venue.

II. Statement of Facts
   1   Incident Overview: On September 29, 2024, at 3:10 PM, Plaintiff Xia Shengshen called 911 seven times using two phone numbers to report escalating crimes including unlawful entry, property destruction, robbery, harassment, and violence. During this incident, Plaintiff's wife, two months pregnant, was dragged, struck, and attacked in the abdomen with a metal object, severely endangering the fetus. Despite repeated emergency calls and requests for medical assistance, the police failed to respond promptly, and no medical personnel arrived.
   2   Approximately one hour later, police arrived. Officer Jonathan A. Pastoriza (Badge No. 14446, Defendant 3) failed to perform his duties lawfully and instead arrested Plaintiff without lawful justification or explanation, suspected to be motivated by racial bias.
   3   Arrest Without Report or Accusation: Plaintiff explicitly states that no one reported him for any crime, nor did anyone at the scene directly accuse him of wrongdoing. Plaintiff called 911 solely as a victim requesting police protection and medical aid. Nevertheless, Officer Jonathan A. Pastoriza (Defendant 3) and other officers arrested Plaintiff without any reasonable basis or evidence. Plaintiff has not mentioned any report of criminal activity against him in this complaint, rendering the arrest entirely baseless under the law.
   4   Unlawful Arrest and Participants: Defendants 3, 4, 5, and 6 (Jonathan A. Pastoriza, Abubaker M. Shaban, and two Jane Does) directly participated in Plaintiff's unlawful arrest. Defendant 2 (Robert Fisher, Commanding Officer of the 1st Precinct) participated in and condoned this unlawful arrest as the supervising officer on scene, failing to intervene or correct the illegal actions of subordinate officers, indicating direct responsibility for the unlawful arrest.

5   Excessive Force and Torture: During the arrest, officers deliberately used handcuffs and leg restraints to inflict torture on Plaintiff, causing severe injuries to his limbs. Plaintiff's hands and feet swelled and bruised due to overly tight restraints and violent handling, resulting in partial loss of function.

6   Threat to Pregnant Wife and Fetus: Plaintiff's wife, two months pregnant, suffered severe pain and nearly miscarried due to being dragged, struck, and attacked in the abdomen with a metal object. The police not only failed to provide protection but also prevented doctors from entering the scene to provide medical care, further endangering the wife and fetus.

7   Psychological Trauma to Family Members:
- Plaintiff: Due to police torture and unlawful arrest, Plaintiff suffers from depression, anxiety, post-traumatic stress disorder (PTSD), insomnia, and recurring nightmares.
- Pregnant Wife: Due to physical injuries and police inaction, she endured severe pain, nearly miscarried, and now suffers from depression, anxiety, PTSD, insomnia, and nightmares.
- 8-Year-Old Child: Witnessing the incident, the child developed depression, inferiority complex, phobias, anxiety, PTSD, impaired social and academic functioning, sleep disturbances, and nightmares.
- 2-Year-Old Child: Traumatized by the event, the child developed autism, PTSD, inability to speak, delayed brain development, frequent night wakings, nightmares, weakened immunity, and sleep disorders.

8   Police Obstruction of Medical Care: Plaintiff repeatedly requested that police allow doctors to enter the scene to treat his wife, but Officer Jonathan A. Pastoriza (Defendant 3) and other officers deliberately prevented doctors from approaching, refusing assistance and exacerbating the life-threatening situation for the wife and fetus.

9   Policies and Customs of New York City: Plaintiff alleges that the City of New York and its police department maintain longstanding discriminatory enforcement policies and customs based on race, resulting in violations of Plaintiff's constitutional rights. The police failed to adequately train officers to prevent racially biased enforcement and lack effective oversight mechanisms, systematically ignoring similar incidents and constituting a continuing violation of Plaintiff's rights.

III. Criminal Allegations

Plaintiff accuses the following individuals of criminal acts: Alex Alleyne and three hotel staff members, alleged to have committed:

1   Unlawful entry
2   Burglary
3   Illegal search (room ransacked)
4   Endangering child safety
5   Endangering fetal safety
6   False reporting (multiple false gas leak reports, prompting three fire department responses)
7   Property destruction
8   Assault (dragging and striking Plaintiff's wife in the abdomen)
9   Racial harassment
10  Illegal possession of a weapon (metal rod found in a suitcase)
11  Contempt of court (violating a court injunction)
12  Obstruction of justice
13  Intent to seriously harm children (mentioning the child during the

robbery)
    14  Armed robbery
    15  Illegal surveillance (recording with a phone)
IV. Legal Basis
    1  Constitutional Rights Violations:
    ◦ Fourth Amendment: Prohibits unreasonable searches and seizures. The police arrested Plaintiff without a warrant or reasonable basis, constituting a severe constitutional violation.
    ◦ Fifth Amendment: Protects against unlawful detention. Plaintiff was detained without being informed of his rights.
    ◦ Fourteenth Amendment Equal Protection Clause: Police actions were motivated by racial discrimination, and blocking medical care violated due process, threatening the right to life.
    ◦ Unconstitutional City Policies: Discriminatory policies and customs of the NYPD directly caused violations of Plaintiff's rights.
    2  Federal Law Violations:
    ◦ 18 U.S. Code § 242: Deprivation of rights under color of law (racial discrimination, unlawful arrest, blocking medical care).
    ◦ 42 U.S. Code § 1983: Civil remedy for constitutional rights violations by government officials.
    ◦ 18 U.S. Code § 241: Conspiracy to injure citizens' rights.
    3  New York State Penal Law:
    ◦ § 140.05: Trespass.
    ◦ § 120.00: Assault.
    ◦ § 260.10: Endangering the welfare of a child (including fetus).
    ◦ § 140.20: Unlawful imprisonment.
V. Requested Relief
    1  Monetary Damages: $100 million to cover medical expenses, emotional distress, attorney fees, etc.
    2  Injunctive Relief: Prohibit Defendants from continuing racial discrimination and unlawful enforcement, reform NYPD policies, and ensure medical care is not obstructed in emergencies.
    3  Criminal Punishment: Hold Defendant 3 (Jonathan A. Pastoriza) and others accountable under the law. Sentence Defendant 3 to death. The Court is recommended to adjudicate based on 18 U.S. Code § 242.
    4  Termination Request: Immediate termination of Defendants 2, 3, 4, 5, and 6.
    5  Arrest Request: Arrest and prosecute Alex Alleyne and the three hotel staff members.
    6  Declaration of Unconstitutionality: Declare Defendants' actions and New York City policies unconstitutional.
VI. Additional Notes
    1  Plaintiff reserves the right to submit video, photographic, and other evidence.
    2  Plaintiff requests a jury trial.
Date: 04/07/2025
Signature: *Shengshen Xia*
Address: 127 Allen Street, Apt. 6C, New York, NY 10002   Phone: 929-866-2533   Email: c81510668@gmail.com