USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/28/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHENGSHEN XIA,

                         Plaintiff,

-against-

ROBERT FISHER, Chief of the NYPD 1st Precinct; OFFICER JONATHAN A. PASTORIZA; OFFICER ABUBAKER M. SHABAN; MAYOR OF NYC; COMMISSIONER OF THE NEW YORK CITY POLICE DEPARTMENT; CITY OF NEW YORK; JANE DOE; JANE DOE,

                         Defendants.

25-CV-0409 (GHW)

ORDER OF SERVICE

GREGORY H. WOODS, United States District Judge:

    Plaintiff is proceeding *pro se* and *in forma pauperis*. On April 7, 2025, in response to the court's order identifying deficiencies in the original complaint, Plaintiff filed an amended complaint (ECF 7). Thereafter, on August 28, 2025, this matter was reassigned to my docket. Plaintiff brings claims, under 42 U.S.C. § 1983, for alleged violations of his constitutional rights in connection with events on September 29, 2024. The amended complaint can also be liberally construed as asserting claims arising under state law.

## STANDARD OF REVIEW

    The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the

"strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

### A.  Claims against New York City Mayor Eric Adams

To state a claim under Section 1983, a plaintiff must allege facts showing a defendant's direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted). A defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official[.]" *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff names New York City Mayor Eric Adams as a defendant but does not allege any facts suggesting that Mayor Adams was personally involved in the events underlying Plaintiff's claims. Plaintiff's claims against Mayor Adams in his individual capacity are therefore dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

In addition, Plaintiff's claims against Mayor Adams in his official capacity are dismissed. Plaintiff's official-capacity claims against Mayor Adams are duplicative of the claims against the City of New York. *See Castanza v. Town of Brookhaven*, 700 F. Supp. 2d 277, 284 (E.D.N.Y. 2010) ("Based upon the understanding that it is duplicative to name both a government entity and the entity's employees in their official capacity, courts have routinely dismissed corresponding claims against

individuals named in their official capacity as redundant and an inefficient use of judicial resources."). Plaintiff's claims against New York City Mayor Eric Adams are therefore dismissed in their entirety.

**B.     Prosecuting Criminal Charges**

Plaintiff purports to bring criminal charges against defendants and non-parties. Plaintiff cannot initiate the arrest and prosecution of an individual in this court because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981). Nor can Plaintiff direct prosecuting attorneys to initiate a criminal proceeding against Defendant, because prosecutors possess discretionary authority to bring criminal actions, and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Plaintiff thus lacks standing to prosecute criminal charges. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (holding that a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another" and the "District Court was therefore correct in dismissing the action for want of standing"). Accordingly, the Court dismisses for lack of standing all of Plaintiff's claims for alleged violations of federal and state criminal laws.

**C.     Unidentified Defendants**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the New York City Police Department (NYPD) to identify the two Jane Doe defendants who accompanied NYPD officers to Plaintiff's address (127 Allen Street, Apt. 6C, NY, NY 10002), at about 4:00 p.m. on September 29, 2024. It is therefore ordered that the New York City Law Department, which is the attorney for and agent of the NYPD, must ascertain the identity (and, if appropriate, the badge number) of each Jane Doe whom Plaintiff seeks to sue here and the

addresses where these defendants may be served. The NYPD must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file a second amended complaint naming the Jane Doe defendants. The second amended complaint will replace, not supplement, the original complaint. A second amended complaint form for Plaintiff to complete after receiving this information is attached to this order. Once Plaintiff has filed a second amended complaint, the Court will screen it and, if necessary, issue an order asking the Defendants to waive service.

**D.     Waivers of Service**

The Clerk of Court is directed to electronically notify the NYPD and the New York City Law Department of this order. The Court requests that NYPD Commanding Officer Robert Fisher (1st Precinct), the NYPD Commissioner, NYPD Officers Jonathan A. Pastoriza (Badge No. 14446) and Abubaker M. Shaban (Badge No. 24909), and the City of New York waive service of summons.

## CONCLUSION

The Court dismisses Plaintiff's claims against Mayor Eric Adams, in his individual and official capacities, and directs the Clerk of Court to terminate this defendant on the docket. The Court dismisses for lack of standing all of Plaintiff's claims for alleged violations of federal and state criminal laws.

The Clerk of Court is directed to electronically notify the **NYPD** and the New York City Law Department of this order. The Court requests that that NYPD Commanding Officer Robert Fisher (1st Precinct), the NYPD Commissioner, NYPD Officers Jonathan A. Pastoriza (Badge No. 14446) and Abubaker M. Shaban (Badge No. 24909), and the City of New York waive service of summons, and that the New York City Law Department respond as directed in the *Valentin* order.

5

The Clerk of Court is further directed to mail an information package to Plaintiff. A "Second Amended Complaint" form is attached to this order.

SO ORDERED.

Dated: August 28, 2025

                                                      GREGORY H. WOODS
                                                      United States District Judge