UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────────┐
│ USDC SDNY                            │
│ DOCUMENT                             │
│ ELECTRONICALLY FILED                 │
│ DOC #: _____             │
│ DATE FILED:  3/6/2026                │
└─────────────────────────────────────┘
```

-------------------------------------------------------------------- X
                :

SHENGSHEN XIA,               :

                                   :

                   Plaintiff,    :              1:25-cv-409-GHW

                                   :

           -v-                 :              ORDER

                                   :

CITY OF NEW YORK, *et al.*,      :

                                   :

                  Defendants.  :

                                   :

-------------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

On April 7, 2025 Plaintiff filed an Amended Complaint naming as defendants the City of New York, two Jane Doe officers of the New York City Police Department (the "NYPD"), Officers Jonathan A. Pastoriza and Abubaker M. Shaban of the NYPD, Commanding Officer of the First Precinct Robert Fisher, Mayor of New York City Eric Adams, and NYPD Commissioner Jessica Tisch. Dkt. No. 7. That complaint asserted claims arising out of an incident that took place in September 2024. *Id.* On August 28, 2025, the Court dismissed all claims against Mayor Adams and ordered that the Corporation Counsel for the City of New York ascertain the identities, shield numbers, and service addresses of those unidentified Doe defendants. Dkt. No. 10. On November 26, 2025, Corporation Counsel responded to the Court's order, identifying Sergeant Mohammad Hoque, Shield # 100, and Officer Wilson Lee, Shield # 15704, as officers involved in the events described in Plaintiff's Amended Complaint. Dkt. No. 18. The Court granted Plaintiff leave to amend to name those newly identified individuals. Dkt. No. 20.

Plaintiff now moves the Court to accept his Second Amended Complaint. Dkt. No. 25. That application is denied. The Court's prior order granted Plaintiff leave to "nam[e] those newly identified individuals as defendants . . . ." Dkt. No. 20. The proposed Second Amended Complaint exceeds the scope of this order. *See* Dkt. No. 25, 14–33. It names additional defendants and asserts

claims arising out of incidents that were not identified in the Amended Complaint. *See, e.g., id.* at 28 (asserting claims against "Defendants 9, 10, 11" arising out of events that took place in January 2025).

No later than March 20, 2026, Plaintiff is ordered to file a complaint that is within the scope of the Court's prior order. That complaint may only allege facts relating to and assert claims against defendants arising out of the September 2024 incident. To the extent that Plaintiff seeks to include factual allegations and defendants relating to claims arising out of events that took place in January 2025, those claims are not part of this case. Therefore, those facts and defendants are not currently part of this action. If he seeks to amend his complaint to add new claims and parties, he must request prior leave to do so.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 25. The Clerk of Court is further directed to mail a copy of this order to Plaintiff by certified mail.

SO ORDERED.

Dated:  March 6, 2026
        New York, New York

_____
GREGORY H. WOODS
United States District Judge

2