UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────┐
│ USDC SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #:_____           │
│ DATE FILED: 04/03/2026           │
└─────────────────────────────────┘
```

SHENGSHEN XIA,

       Plaintiff,

   -against-

ROBERT FISHER, Chief of the NYPD 1st
Precinct, *et al.*,

       Defendants.

25-CV-0409 (GHW)

ORDER OF SERVICE

GREGORY H. WOODS , United States District Judge:

Plaintiff is proceeding *pro se* and *in forma pauperis*. On April 7, 2025, in response to the court's order identifying deficiencies in the original complaint, Plaintiff filed an amended complaint (ECF 7). Thereafter, on August 28, 2025, this matter was reassigned to my docket. Plaintiff brings claims, under 42 U.S.C. § 1983, for alleged violations of his constitutional rights in connection with events on September 29, 2024.

On August 28, 2025, the Court issued an order pursuant to *Valentin v. Dinkins*, 121 F.3d 72, 76 (2d Cir. 1997). Dkt. No. 10. Counsel responded to that order on November 26, 2025. Dkt. No. 18. Thereafter, the Court granted Plaintiff leave to amend his complaint to add the names of defendants previously identified under pseudonyms. Dkt. No. 19.

On March 30, 2026, Plaintiff filed his amended complaint. Dkt. No. 27. The complaint names the defendants identified in counsel's response to the *Valentin* order. The complaint also names a number of additional defendants that Plaintiff alleges were involved in the incident that

occurred on September 29, 2024.[1]  The amended complaint can also be liberally construed as asserting claims arising under state law.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

**A.      Claims against New York City Mayor Zohran Mandani**

To state a claim under Section 1983, a plaintiff must allege facts showing a defendant's direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted). A defendant may not

---

[1] The Court only allowed Plaintiff to amend his complaint as it relates to that incident.  Dkt. No. 26.  The Court will not construe his complaint to raise any claims arising out of incidents on other dates.

be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official[.]" *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff names New York City Mayor Zohran Mamdani as a defendant but does not allege any facts suggesting that Mayor Mamdani was personally involved in the events underlying Plaintiff's claims. Plaintiff's claims against Mayor Mamdani in his individual capacity are therefore dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

In addition, Plaintiff's claims against Mayor Mamdani in his official capacity are dismissed. Plaintiff's official-capacity claims against him are duplicative of the claims against the City of New York. *See Castanza v. Town of Brookhaven*, 700 F. Supp. 2d 277, 284 (E.D.N.Y. 2010) ("Based upon the understanding that it is duplicative to name both a government entity and the entity's employees in their official capacity, courts have routinely dismissed corresponding claims against individuals named in their official capacity as redundant and an inefficient use of judicial resources."). Plaintiff's claims against New York City Mayor Zohran Mamdani are therefore dismissed in their entirety.

**B.    Prosecuting Criminal Charges**

Plaintiff purports to bring criminal charges against defendants and non-parties. Plaintiff cannot initiate the arrest and prosecution of an individual in this court because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981). Nor can Plaintiff direct prosecuting attorneys to initiate a criminal proceeding against

Defendant, because prosecutors possess discretionary authority to bring criminal actions, and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Plaintiff thus lacks standing to prosecute criminal charges. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (holding that a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another" and the "District Court was therefore correct in dismissing the action for want of standing"). Accordingly, the Court dismisses for lack of standing all of Plaintiff's claims for alleged violations of federal and state criminal laws.

## C.    Waivers of Service

The Clerk of Court is directed to electronically notify the NYPD and the New York City Law Department of this order. The Court requests that NYPD Commanding Officer Robert Fisher (1st Precinct), the NYPD Commissioner, NYPD Officers Jonathan A. Pastoriza (Badge No. 14446), Abubaker M. Shaban (Badge No. 24909), Mohammad Hoque (Badge No. 100), Wilson Lee (Badge No. 15704), Philip H. Ioannou (Badge No. 14867), Fiaz M. Chowdhury (Badge No. 29244), Officer Torres-Bravu (Badge No. 5001), Officer Gut (Badge No. 5662), Joseph Hardeen (Badge No. 23082), Maxwell A. Outsen (Badge No. 28444), and the City of New York waive service of summons.

## CONCLUSION

The Court dismisses Plaintiff's claims against Mayor Zohran Mamdani, in his individual and official capacities, and directs the Clerk of Court to terminate this defendant on the docket. The Court dismisses for lack of standing all of Plaintiff's claims for alleged violations of federal and state criminal laws.

The Clerk of Court is directed to electronically notify the NYPD and the New York City Law Department of this order. The Court requests that that NYPD Commanding Officer Robert

Fisher (1st Precinct), the NYPD Commissioner, NYPD Officers Jonathan A. Pastoriza (Badge No. 14446) Abubaker M. Shaban (Badge No. 24909), Mohammad Hoque (Badge No. 100), Wilson Lee (Badge No. 15704), Philip H. Ioannou (Badge No. 14867), Fiaz M. Chowdhury (Badge No. 29244), Torres-Bravu (Badge No. 5001), Gut (Badge No. 5662), Joseph Hardeen (Badge No. 23082), Maxwell A. Outsen (Badge No. 28444), and the City of New York waive service of summons of the amended complaint at Dkt. No. 27.  The Clerk of Court is further directed to add as defendants Sergeant Mohammad Hoque (Badge No. 100), Officer Wilson Lee (Badge No. 15704), Officer Philip H. Ioannou (Badge No. 14867), Officer Fiaz M. Chowdhury (Badge No. 29244), Officer Torres-Bravu (Badge No. 5001), Officer Gut (Badge No. 5662), Officer Joseph Hardeen (Badge No. 23082), and Officer Maxwell A. Outsen (Badge No. 28444).

The Clerk of Court is further directed to mail an information package to Plaintiff.

SO ORDERED.

Dated:    April 3, 2026

_____
GREGORY H. WOODS
United States District Judge

5